Josephine SACH, individually, as Administratrix of the Estate of John C. Sach, and as next friend for Laura Lee Sach, John R. Sach and Winifred Shephard, Plaintiffs,

v.

KENT GENERAL HOSPITAL, T. Nobel Jarrell & Jarrell, Benson & Giles, M.D., P.A., A Delaware corporation, Defendants.

Superior Court of Delaware,
New Castle County.

Submitted: Oct. 7, 1986.
Decided: Oct. 8, 1986.

---

John S. Grady, Esquire, Dover, for plaintiffs.

Warren B. Burt, Wilmington, for defendants.

TAYLOR, Judge.

At the commencement of trial, the parties have raised a question concerning the right of the mother of a deceased person to recover damages for mental anguish resulting from the wrongful death of her son.

10 *Del.C.* § 3724(a) permits a wrongful death action to be brought "for the benefit of the wife, husband, parent and child of the deceased person." Section 3724(d) specifies the categories of damages which can be recovered. Categories (1) through (4) are monetarily ascertainable elements: (1) "... pecuniary benefits to the beneficiary," (2) "[l]oss of contributions for support," (3) "[l]oss of ... services including the reasonable cost of providing for the care of minor children," and (4) "[r]easonable funeral expenses."

Category (5) is "[m]ental anguish resulting from such death to the surviving spouse and next of kin of such deceased person." Following the quoted language, which is taken from the first sentence of paragraph (5), is the following sentence:

However, when mental anguish is claimed as a measure of damages under this subchapter, such mental anguish will be applicable only to the surviving spouse, children, father and mother, (if there is no surviving spouse or children) or person standing in loco parentis to the deceased and persons to whom the deceased stood in loco parentis at the time of the injury which caused the death of the deceased.

It is this language which the Court is called upon to construe.

Defendant contends that the effect of the quoted sentence is to limit recovery for mental anguish to mental anguish suffered by the spouse and children if a spouse and/or children survive the deceased. Under this contention, mental anguish suffered by a parent of the deceased would be recoverable only if there is no surviving spouse or child. That contention is inconsistent with the presence of a comma between the reference to "father and mother" and the parenthetical phrase "(if there is no surviving spouse or children)." But that contention is supported by a construction of the statute which ignores the comma.

Plaintiffs contend that nothing preceding the comma which follows the word "mother" indicates that parents are not to be treated the same as spouse and children and that the words following the comma should be disregarded in determining the right of parents to recover for mental anguish.

It is clear from reading § 3724(d)(5) that the language is ambiguous and, therefore, the Court is called upon to give the language an interpretation which, as far as possible, is consistent with the language used, and to effectuate the legislative intent. *Coastal Barge Corp. v. Coastal Zone Indus.,* Del.Supr., 492 A.2d 1242 (1985); *Giuricich v. Emtrol Corp.,* Del. Supr., 449 A.2d 232 (1982).

The statute contains certain indicia of its intended scope. 1) The declared purpose of the statute is "to permit the recovery of damages not limited to pecuniary losses by persons injured as the result of the death of another person." 10 *Del.C.* § 3725. 2) 10 *Del.C.* § 3724(a) provides for an "action ... for the benefit of the wife, husband, parent and child of the deceased person."

It is noted that the statute does not specify the beneficiaries who are entitled to the pecuniary benefits enumerated in § 3724(d)(1) through (4). Presumably all of those who are specified in § 3724(a), namely, wife, husband, parents and children, are entitled to recover their losses within those categories.

The fact that § 3724(d)(5) undertakes to state the mental anguish beneficiaries, raises an inference that the draftsman intended to depart from the specification in § 3724(a). The first sentence of paragraph

(5) refers to "surviving spouse and next of kin." The next sentence purports to narrow the class of beneficiaries by the use of the word "only."

In order to aid in determining legislative intent, the Court has examined the legislative history of the statute. The origin of § 3724 (d)[1] is House Amendment No. 1 to House Bill No. 426.[2] A subsequent amendment adopted May 6, 1982, struck ", brother, sister" and substituted "(if there is no surviving spouse or children)." It is significant that the Synopsis affixed to the May 6, 1982, amendment states, "This Amendment further limits recovery for mental anguish to the immediate family of the victim." There was no further amendment of paragraph (5). Thus, in its final legislative form, the words which appear in § 3724(d) are the same as those in the final amended version of House Bill No. 426. However, in the final amendment, no comma existed separating the parenthetical phrase from the word "mother" in paragraph (5). Therefore, according to the final amended version of House Bill 426 the right of a father or mother to recover damages for their mental anguish exists only if there is no surviving spouse or children.

The Court notes that under the enrolled bill doctrine, the Court is not entitled to reject a legislative bill as enrolled by that body. *Ingersoll v. Rollins Broadcasting of Delaware, Inc.*, Del.Supr., 269 A.2d 217 (1970). However, where the enrolled bill contains an ambiguity, the Court may refer to the legislative history of the bill in order to ascertain the legislative intent and resolve the ambiguity in a manner consistent with that intent. *Coastal Barge Corp. v. Coastal Zone Indus., supra.*

Based on the foregoing, I conclude that under 10 *Del.C.* § 3724(d)(5) where there is a surviving spouse or child of the deceased person, a mother or father of the deceased may not recover damages based on mental anguish resulting from the death.

IT IS SO ORDERED.

---

1. § 3724 was adopted by 63 Del.Laws Ch. 256. It was enacted by House Bill No. 426, as amended, 131st General Assembly.

2. House Amendment No. 1, paragraph (5), which was adopted April 8, 1982, read: "(5) mental anguish resulting from such death to the surviving spouse and next of kin of such deceased person. However, when mental anguish is claimed as a measure of damages under this statute, such mental anguish will be applicable only to the surviving spouse, children, father and mother, brother, sister or person standing in loco parentis to the deceased and persons to whom the deceased stood in loco parentis at the time of the injury which caused the death of the deceased;"